**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| PHILLIP DOLSON, in his capacity as Administrator of the Estate of Michael Dolson,<br><br>Plaintiff,<br><br>vs.<br><br>LINCARE, INC. and LINCARE PHARMACY SERVICES, INC.,<br><br>Defendants. | C.A. NO. 2:26-cv-00011 |

**DEFENDANTS' CONSENTED TO MOTION TO COMPEL PRODUCTION OF MICHAEL DOLSON'S MEDICAL RECORDS FROM JAMES FITZGERALD THERAPY, PLLC**

NOW COME the Defendants Lincare, Inc. and Lincare Pharmacy Services, Inc. (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rules of Civil Procedure 37(a) and 45 for an order compelling non-party James Fitzgerald Therapy, PLLC ("Fitzgerald") to produce all medical records, reports, correspondences, billing records, diagnostic records, and any other records regarding Michael Dolson in response to a duly served subpoena. The Plaintiff has consented to this motion. In support of the motion, Defendants state as follows:

## INTRODUCTION

The Plaintiff filed suit against the Defendants alleging physical and emotional injuries of Michael Dolson allegedly caused by alleged negligence and other causes of action against the Defendants. Mr. Dolson's medical records revealed that he received therapy from James Fitzerald.

On March 23, 2026, Defendants properly served a subpoena duces tecum on Fitzgerald commanding production of medical records, treatment notes, billing records, and related

documents concerning decedent Michael Dolson. The subpoena complied with all requirements of FRCP Rule 45, including prior notice to all parties, proper service, and a reasonable time for compliance. Fitzgerald received the subpoena and did not serve any written objection. Despite the passage of more than four months, Fitzgerald has not produced a single document, has not claimed privilege, and has not responded in any manner. Defendants followed up with a letter on June 30, 2026, requesting production by July 14, 2026. That letter was delivered to Fitzgerald on July 6, 2026. Yet Fitzgerald continues to ignore the obligations to respond to the subpoena. The requested records are highly relevant to the claims and defenses in this wrongful death action, and Defendants are entitled to their production. This Court should issue an order compelling production.

**STATEMENT OF FACTS**

Phillip Dolson, in his capacity as Administrator of the Estate of Michael Dolson, filed the Complaint on December 30, 2025 alleging that a concentrator that was supplied by the Defendants to Michael Dolson released zeolite dust, causing physical and emotional injuries to Mr. Dolson. (Complaint, ¶¶ 1, 10, 15, 18)

As part of discovery productions, Plaintiff produced medical records which documented that Mr. Dolson received therapy from James Fitzgerald. On March 23, 2026, Defendants caused a subpoena duces tecum to be served on Fitzgerald at 86 Lake Street, Suite 311, Burlington, Vermont 05401. (**Exhibit A**, Subpoena to James Fitzgerald Therapy PLLC) The subpoena commanded Fitzgerald to produce documents by April 20, 2026 at 9:00 a.m. at the offices of Wilson Elser in Boston, Massachusetts. Schedule A to the subpoena specified six categories of records relating to patient Michael Dolson, date of birth February 28, 1958, covering the period from January 1, 2018 to the present. The requested records included all examination and treatment

records, including intake and assessment forms, consent forms, treatment plans, progress notes, therapy session notes, consultation reports, diagnostic evaluations, psychological testing records and reports, medication management records, correspondence, and discharge summaries. The subpoena also sought imaging records, payment records, billing adjustment records, outstanding balance records, and correspondence or filings denoting any notices of liens.

Service was accomplished by delivering a copy of the subpoena to James Fitzgerald, who is the owner of Fitzgerald and is authorized by appointment or by law to receive service of process for the entity. (**Exhibit B**, Affidavit of Service of the subpoena) The process server described Mr. Fitzgerald as a white male, approximately 50 years old, with no hair, no glasses, and an estimated weight of 160 to 180 pounds and height of 5'6" to 5'9". Service was completed at 1:05 p.m. on March 23, 2026.

Fitzgerald did not serve any written objection to the subpoena within 14 days of service or at any time thereafter. The deadline for production, April 20, 2026, passed without any response from Fitzgerald. On June 30, 2026, Defendants' counsel sent a follow-up letter to Fitzgerald via certified mail, requesting production of all responsive records no later than the close of business on July 14, 2026. (**Exhibit C**, Letter to Fitzerald of June 30, 2026) The letter advised Fitzgerald that if the records were not received by that date, Defendants would have no choice but to seek appropriate remedies from the Court. The letter enclosed the previously served subpoena, authorization, and the affidavit of service. The June 30, 2026 letter was mailed on July 1, 2026 and delivered to Fitzgerald on July 6, 2026 at 12:56 p.m. (**Exhibit D,** Proof of Service of the Letter to Fitzgerald) The deadline of July 14, 2026 has passed, and as of the date of this motion, Fitzgerald has not produced any documents, has not contacted Defendants' counsel regarding any issue preventing production, and has not responded in any manner.

## LEGAL STANDARD

FRCP Rule 45 governs subpoenas to non-parties. A subpoena must command production at a specified time and place, and the clerk or an attorney authorized to practice in the issuing court may issue and sign a subpoena. A person commanded to produce documents or tangible things may serve a written objection to inspecting, copying, testing, or sampling any or all of the materials before the earlier of the time specified for compliance or 14 days after the subpoena is served. The costs, including reasonable attorney's fees, incurred in obtaining an order compelling a non-party-deponent to appear for a deposition when the non-party has failed to do so are recoverable pursuant to Rule 37(a)(4), Fed.R.Civ.P. *Aetna Cas. & Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 4 (D. Mass. 1990); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983). When a nonparty fails to serve a written objection, the serving party is entitled to compliance with the subpoena. FRCP Rule 37 allows the party seeking compliance with the subpoena to seek the reasonable expenses incurred due to the failure to comply with the subpoena, including the attorney's fees for the motion to compel.

## ARGUMENT

### a. Fitzgerald Failed to Comply with a Properly Issued and Served Subpoena

Defendants served Fitzgerald with a subpoena that complied with every requirement of FRCP Rule 45. Service on Fitzgerald was accomplished by delivering a copy of the subpoena to James Fitzgerald, the owner of the entity, who is authorized by law to receive service of process for the entity. (Exh. B) The time allowed for compliance was reasonable: the subpoena was served on March 23, 2026 and commanded production on April 20, 2026, nearly four weeks later, well within the requisite time for response required under Rule 45. Fitzgerald did not serve any written objection to the subpoena. Having failed to object, Fitzgerald was obligated to produce

the subpoenaed documents by April 20, 2026. Fitzgerald's failure to object waived any grounds for objection, and Defendants are entitled to the documents.

**b. The Subpoena is Narrowly Tailored and The Records Sought Relevant**

The requested records are highly relevant to the claims and defenses in this wrongful death action. The Plaintiff has alleged physical and emotional injuries allegedly caused by oxygen concentrator supplied by the Defendants. Mr. Dolson's medical and mental health treatment history is directly relevant to the issues of causation, damages, and pre-existing conditions. The subpoena seeks records covering the period from January 1, 2018 to the present, a time frame narrowly tailored to capture treatment relevant to the claims at issue. The Plaintiff has authorized the Defendants to obtain records from Fitzgerald and consented to this motion to compel Fitzgerald's response to the subpoena.

To determine whether a subpoena presents an undue burden, courts consider the relevance of the information requested, the need of the party for the documents, the breadth of the document request, the time period covered by the request, the particularity with which the party describes the requested documents, and the burden imposed. Rule 45(d)(3); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004); *Strike 3 Holdings, LLC v. Doe*, 2023 U.S. Dist. LEXIS 115281, at *3 (S.D.N.Y. July 5, 2023). Here, each factor weighs in favor of Defendants. The information is relevant. A plaintiff's medical condition is relevant in a wrongful death action, and a defendant may pursue that line of discovery. *Duffy v. Kent Cty. Levy Court*, 800 F. Supp. 2d 624 (D. Del. 2011) The subpoena particularizes each category of records sought with specificity, including examination and treatment records, imaging records, billing records, billing adjustment records, outstanding balance records, and lien-related correspondence. The time period is reasonable and tailored to the claims. Defendants have a substantial need for the records because they go to the

heart of the claims and defenses in this case, and the records cannot be obtained from any other source. Fitzgerald has not raised any objections to the subpoena and has not responded at all. The burden of producing medical records maintained in the ordinary course of business is minimal and routine.

**c. The Defendant's have Satisfied the Good Faith Conference Requirement of Rule 37(a)(1)**

Defendants have satisfied the good-faith conference requirement pursuant to FRCP Rule 37(a)(1), which requires the movant to certify that the movant has in good faith conferred or attempted to confer with the person failing to make discovery in an effort to obtain it without court action. After Fitzgerald failed to respond to the subpoena at all, Defendants tried to contact representatives of Fitzgerald or Mr. Fitzerald himself, but Fitzgerald's website states that he does not accept phone calls or emails. More specifically, the website states: "Due to the overwhelming amount of spam emails and robo calls I have been receiving, I have chosen to remove my email and phone number from this website. To contact me, you must register through my client portal and submit a message. The link to my online portal is below." https://jamesfitzgeraldtherapy.com/contact/

Defendants allowed more than two months to pass after the April 20, 2026 deadline before sending a follow-up letter to Fitzgerald on June 30, 2026. (Exh. C) That letter requested production by July 14, 2026 and expressly invited Fitzgerald to contact Defendants' counsel immediately if there was any issue preventing production of the records. Fitzgerald received the letter on July 6, 2026, more than a week before the July 14, 2026 deadline, yet did not respond in any manner. (Exh. D) Defendants have now waited almost an additional month beyond the July 14, 2026 deadline. Fitzgerald has had more than four months since service of the subpoena and over one month since receiving the follow-up letter to produce the documents or communicate any

issue. Defendants' repeated attempts to obtain compliance without court action satisfy the good-faith conference requirement of Rule 37, and this motion is appropriate.

**d. Defendant's are entitled to award of reasonable expenses.**

While the Defendants are entitled to an award of reasonable expenses, they do not seek those expenses now in the hopes that Fitzgerald will comply with the subpoena upon the receipt of this motion. If however, the disclosure or requested discovery is not provided after the motion was filed, pursuant to Rule 37, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's noncompliance was substantially justified, or other circumstances make an award of expenses unjust. Defendants waited more than two months after the deadline to send a follow-up letter, and then waited more than a month after the letter for response pursuant to the follow-up letter before filing this motion. Defendants attempted in good faith to obtain the records without court action. Fitzgerald's noncompliance is not substantially justified. Fitzgerald received a properly served subpoena, did not object, and has provided no explanation for its complete failure to respond. No circumstances make an award of expenses unjust. Defendants are entitled to recover their reasonable expenses, including attorney's fees, incurred in bringing this motion.

## CONCLUSION

Fitzgerald received a properly served subpoena commanding production of documents, failed to serve any written objection, and has utterly failed to comply despite the passage of more than four months and Defendants' good-faith efforts to obtain compliance without court action.

The requested records are relevant and necessary to the defense of this case. Defendants respectfully request that this Court grant this motion and enter an order:

1. Compelling James Fitzgerald Therapy, PLLC to produce all documents responsive to the subpoena served on March 23, 2026, including all medical records, reports, correspondences, billing records, diagnostic records, and any other records regarding Michael Dolson, within fourteen (14) days of the date of the Court's order;
2. Awarding Defendants their reasonable expenses incurred in bringing this motion, including attorney's fees; and
3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANTS LINCARE INC. AND LINCARE PHARMACY SERVICES, INC.

By their Attorney,

*/s/ Beata Shapiro*

Beata Shapiro, BBO #661174
beata.shapiro@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300

Date: August 17, 2026

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 17th of August, 2026, the foregoing was served by ECF upon the following:

Hans M. Lynn, Esq.
Lynn, Lynn, Blackman & Toohey, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401
hanslynn@lynnlawvt.com
*Attorney for the Plaintiff*

*/s/ Beata Shapiro*
Beata Shapiro